IN RE the MATTER OF the REPLACEMENT OF
A TWO INCH WATER MAIN &
INSTALLATION OF A SIX INCH WATER
MAIN ON PHOENIX STREET BETWEEN
THIRD STREET & FOURTH STREET;

Leola GOODGER, Objector-Appellant,

v.

CITY OF DELAVAN, Respondent. †

Court of Appeals

*No. 85–1940. Submitted on briefs May 21, 1986.—Decided October
15, 1986.*

(Also reported in 396 N.W.2d 778.)

† Petition to review denied.

348

For the objector-appellant, the cause was submitted on the briefs of *Riemer Law Office*, with *Paul G. Bonneson* of counsel, of Delavan.

For the respondent, the cause was submitted on the brief of *Thorson, Davies & Johnson*, with *Leslie L. Johnson* of counsel, of Elkhorn.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.    Leola Goodger appeals from a judgment upholding the validity of a special assessment against her property levied by the City of Delavan. Goodger contends that she did not receive any "special benefits" from the Phoenix Street water main construction project and that she was not reasonably assessed for this project under the city's special assessment powers, pursuant to sec. 66.60(1)(a) and (b), Stats. The city argues that, under the exercise of its police power, its

special assessment of Goodger's property was valid because the project afforded her benefits of increased fire protection, water pressure and flow, and life expectancy of the system.

The dispositive issue on appeal is whether Goodger received any "special benefits" under sec. 66.60(1)(a), Stats., as a result of the Phoenix Street project.

The facts are not disputed. Goodger resides in the city of Delavan on a corner lot. The west side of her property abuts Third Street; the south side abuts Phoenix Street. Goodger's property has been and continues to be serviced by a six-inch water main which extends south on Third Street and then west on Phoenix Street. Similarly, a six-inch water main extends south on Fourth Street and then east on Phoenix Street. Prior to 1984, a two-inch water main existed on Phoenix Street between Third and Fourth streets, serving some of the properties abutting on Phoenix Street. Neither the old two-inch water main which was replaced nor the new six-inch water main installed under Phoenix Street between Third and Fourth streets serviced the Goodger property.

In 1984, the city installed a six-inch water main along Phoenix Street between Third and Fourth streets and specially assessed abutting property owners for approximately fifty percent of the cost of the installation. Goodger contested the special assessment levied on her property and appealed to the circuit court for declaratory judgment declaring the assessment invalid pursuant to sec. 66.60(12)(a), Stats.

The circuit court upheld the assessment, stating that Goodger had been "benefited." While the trial court noted that "it would appear that she is getting little or nothing from the improvement that she already did not

have," it concluded that the city had provided "the type of benefit that this property enjoys with those in the area." It is undisputed on appeal that when the city levied the contested assessment, it was acting under its police power pursuant to sec. 66.60(1)(a) and (b), Stats.

Section 66.60(1)(a), Stats., provides:

> As a complete alternative to all other methods provided by law, any city, town or village may, by resolution of its governing body, levy and collect special assessments upon property *in a limited and determinable area for special benefits conferred upon such property* by any municipal work or improvement; and may provide for the payment of all or any part of the cost of the work or improvement out of the proceeds of such special assessment. [Emphasis added.]

The city's power to specially assess property for the cost of improvements is limited by the foregoing section to: (1) those properties located in "a limited and determinable area," and (2) which receive "special benefits" from the municipal improvements. Goodger contends that the assessment levied on her property was invalid because her property did not have "special benefits conferred" by the installation of the new six-inch water main along Phoenix Street. While she concedes that the record may support a finding of general benefits shared with other properties lying outside the area assessed, she contends that the benefits are not of sufficient magnitude to constitute "special benefits" within the meaning of sec. 66.60, Stats. The circuit court concluded, however, that benefits such as better fire protection, more dependable water pressure, and increased longevity of the water system, benefits which were shared in common with a large number of property owners outside

the assessment area, were "special benefits" under sec. 66.60.

■

The term "special benefits" is not statutorily defined. Absent such a legislative definition, the ordinary and accepted meaning of a word used by the legislature can be established by reference to a recognized dictionary. *See DNR v. Wisconsin Power & Light Co.*, 108 Wis.2d 403, 408, 321 N.W.2d 286, 288–89 (1982). Webster's Dictionary defines "benefit" as "something that guards, aids, or promotes well-being: advantage, good . . . ." Webster's Third New International Dictionary 204 (1976). "Special" is defined as "distinguished by some unusual quality: uncommon, noteworthy, extraordinary . . . ." *Id.* at 2186. Consequently, the common meaning of "special benefit" is an "uncommon advantage," a definition advocated by Goodger.

■

The uncommon advantage which accrues to a property owner under a special assessment is in addition to that benefit enjoyed by other property owners in the municipality. *See* 14 E. McQuillin, *The Law of Municipal Corporations*, § 38.02 at 18 (rev. 3d ed. 1970). Defining special benefit as an "uncommon advantage" is consistent with the judicial construction in *Petkus v. State Highway Comm'n*, 24 Wis.2d 643, 648, 130 N.W.2d 253, 255 (1964): "Special benefits are distinguished from general benefits in that they differ in *kind* rather than in degree from those which accrue to the public generally." (Emphasis added.)

Defining "special benefit" in a manner which requires that the property owners within the "limited and determinable area" who are being assessed receive in turn an uncommon advantage avoids a constitutional

challenge based upon equal protection. While Goodger does not make an equal protection argument on appeal, we are of the view that were we to interpret sec. 66.60, Stats., so as to authorize selectively taxing property owners in a limited area for special benefits which also benefit persons outside the assessment area, such an interpretation would raise a serious question as to the statute's validity. "Given a choice of possible interpretations, this court must select the construction that results in constitutionality rather than invalidity . . . ." *State ex rel. Lynch v. Conta*, 71 Wis.2d 662, 689, 239 N.W.2d 313, 332 (1976).

The application of a statute to a given set of facts is a question of law. *State v. Clausen*, 105 Wis.2d 231, 243, 313 N.W.2d 819, 825 (1982). Therefore, we need not give special deference to the circuit court's determination. *LePoidevin v. Wilson*, 111 Wis.2d 116, 121, 330 N.W.2d 555, 558 (1983). Having now defined the term "special benefits" as those which give to the property owner an "uncommon advantage," as distinguished from those benefits which are shared by nonassessed property owners, we conclude that the trial court incorrectly applied the statute and must be reversed. The case is remanded with directions to the trial court to reevaluate the evidence according to the definition of "special benefits" as set forth herein.

*By the Court.*—Judgment reversed and cause remanded with directions.